## The MEREDITH MANUFACTURING COMPANY vs.
## G. W. SMITH and Trustee.

The statute of July 5, 1834, entitled "An act for the equal distribution of property assigned for the benefit of creditors," does not apply to an assignment made by a debtor of some particular part of his property merely for the purpose of paying some particular debt or debts.

IT appeared by the disclosure of J. Simpson, the trustee in this case, that Joseph Ela, a deputy sheriff, having several writs in his hands in favor of several persons against Smith, the principal, went to Smith's store, for the purpose of attaching property; that Smith delivered to Ela his account books, and authorized Ela to collect the amount due upon the books and apply the amount collected to the payment of the debts of the creditors whose writs he had in his hands. Ela put the books into the hands of Simpson, the trustee, and authorized him to collect and receive the amount due, as Ela's agent. There was upon the books an account against Simpson, the trustee, of $20 78. Simpson received, as Ela's agent, about $600 on the accounts—about $300 of which was received after the service of the writ in this case upon the trustee.

Simpson has settled with Ela, and paid over to him the whole amount in his hands, including the said sum of $20 78, due to the principal upon the books. But this settlement took place since Simpson was sued as trustee in this case.

The whole amount which has been paid over to Ela by the trustee was not sufficient to pay the debts of those creditors whose writs Ela had when the account books were delivered to him.

*Hazelton*, for the plaintiff.

*Lovell*, for the trustee.

RICHARDSON, C. J., delivered the opinion of the court.

It is to be presumed that Ela had authority to receive the books of accounts on behalf of the creditors ; and the agreement between Smith and Ela, that the amount due upon the books should be collected and applied to the payment of the debts of the creditors whose writs Ela then had, is, by the principles of the common law, a valid contract, and gives to those creditors an equitable interest in the debts due on the books, which a court may protect.

But it is contended, that the statute of July 5, 1834, which provides, that no assignment made for the benefit of creditors shall be valid unless it shall provide for an equal distribution of all the debtor's property among his creditors, in proportion to their several claims, has rendered this contract void.

In order to determine whether this case is within the intent of that statute, it becomes necessary to consider to what cases it was intended to apply.

Before the statute of 1834 was passed, it was a common practice among debtors in embarrassed circumstances, to make assignments of all their property to trustees, for the benefit of all their creditors who would consent to become parties to the assignment. And although, by the terms of the assignment, the debts of certain favored creditors were to be paid in full, and then the residue of the property divided rateably among the other creditors, yet no creditor could become a party without agreeing to receive a dividend according to the terms of the assignment, and discharge his claim. And in some cases, although the assignment purported to be a conveyance of all the property of the debtor, it was not in fact so, and in this way great impositions and frauds were practised upon creditors.

And it is very manifest that the statute of 1834 was intended to regulate those general assignments by debtors of all their property, and to place in such cases all the creditors on an equal footing, securing to each his just proportion, ac-

cording to the amount of his debt, and to guard the creditors against the fraud of having only a part of the debtor's property assigned for their benefit, when he contracted to assign the whole. Hence he is required to make oath that the assignment includes all his property not exempted from attachment.

It never could have been the intention to prohibit a debtor from assigning any particular property he might possess, for the purpose of paying any particular debt or debts that he might owe. Such a prohibition would be absurd, so long as any creditor or creditors are permitted, as they are by our laws, to attach any property of the debtor, and thus apply it to the payment of their debts, without the consent of the debtor.

We are, therefore, of opinion that the delivery of the account books to the officer, with authority to collect the debts for the benefit of the creditors whose writs he had in his hands, was not an assignment within the intent and meaning of the statute, and that the trustee must be discharged.